# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **DONNIE RAY CARTER,** | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | NO. 5:18-cv-00313-MTT-MSH |
| **JOHN AND OR JANE DOES,** | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Donnie Ray Carter, an inmate most recently confined at the Augusta State Medical Prison in Grovetown, Georgia, filed a document that was construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On September 21, 2018, the United States Magistrate Judge ordered Plaintiff to recast his Complaint on the Court's standard form and to either pay the required filing fee or submit a motion for leave to proceed *in forma pauperis*. Plaintiff was given twenty-one (21) days to comply, and he was warned that failure to comply may result in dismissal by the Court. Order, Sept. 21, 2018, ECF No. 4.

On October 5, 2018, Plaintiff filed a motion for an extension of time to comply with the Court's September 21st order, stating that his maximum release date was October 29, 2018. Mot. Ext. Time 1, ECF No. 5. Plaintiff's motion was granted, and he was given an additional thirty (30) days to comply.

The extended time for compliance passed without a response from Plaintiff. Accordingly, the Magistrate Judge ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's orders and

instructions. Plaintiff was given twenty-one days to respond and was again warned that failure to respond would result in the dismissal of his Complaint for failure to comply. A copy of this order was sent to Plaintiff at his address in the Augusta State Medical Prison as well as the address identified in his motion for an extension of time as his future address. Order, Nov. 21, 2018, ECF No. 7.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, Plaintiff's Complaint shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).[1]

**SO ORDERED**, this 7th day of January, 2019.

s/Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] It is unclear from Plaintiff's pleadings whether the statute of limitations may have run or is about to run on Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on several occasions and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).